## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES *ex rel.*<br>AUTOMATED BUILDING SYSTEMS-<br>TULSA, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No:     18-CV-58-KEW |
| WESTERN SURETY COMPANY, | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO ATTEND MEDIATION WITH FULL SETTLEMENT AUTHORITY

The Plaintiff Automated Building Systems-Tulsa, Inc. ("Plaintiff") respectfully requests this Court issue sanctions against Defendant Western Surety Company ("Defendant") for failing to attend Court-ordered mediation with a representative whom possessed full settlement authority as required by the rules of this Court and the mediator. In support, Plaintiff shows the Court the following:

### INTRODUCTION

On September 19, 2018, the Court entered an Amended Scheduling Order in this matter which kept in place the private mediation date of October 5, 2018. The Court ordered the parties to report back to the Court regarding the outcome of the mediation.

On October 5, 2018 the Parties in the above captioned case participated in mediation at the offices of Joe M. Hampton in Oklahoma City, Oklahoma. The mediation was combined effort to resolve the above captioned case as well as a parallel State Court case filed in the District Court of Muskogee County, Case No. CJ-2017-448. The Parties in the State Court case are: Plaintiff, Automated Building Systems-Tulsa, Inc. ("ABS") v. Defendants Innovative

Support Solutions, Inc. ("ISS"), Cornerstone Contracting, Inc. ("CCI"), Palmer Plumbing, Heating & Air Conditioning Co., Inc. ("Palmer"), CNA Surety ("CNA"), and Western Surety Company ("Western").[1]

Plaintiff, ABS, was present and represented by Counsel, Joel Karstetter, President of ABS, Alan Price, Operations Manager of ABS, and Roger Zink, Installation Manager of ABS. Mr. Karstetter possessed full settlement authority for ABS in both the Federal and State cases.

Defendant, Western, was represented only by Counsel, Michelle Campney. Western did not have a representative present at the mediation that possessed full settlement authority.

Michael Barr was present during mediation but is not employed by any of the named Defendants. Through discovery Plaintiff learned that Michael Barr is employed by Broadway Electric, Inc. ("BEI"). Based on information from BEI and CCI websites, BEI and CCI share common ownership. *See* e-mail and website information attached as Exhibit A. According to the mediator, Mr. Barr did not have full settlement authority for any named Defendant, much less Western.

Bill Nikkila was present evidently as a representative for Defendant ISS. However, Mr. Nikkila did not have full settlement authority for any of the Defendants regarding the claims asserted in the Federal or the State cases much less Western.

Plaintiff specifically requested in its mediation statement that a representative with full settlement authority for each named Defendant be physically present at mediation.[2] Prior to the mediation, Counsel for Plaintiff contacted Mr. Hampton to confirm that all necessary parties would be present at the mediation conference. *See* e-mail correspondence attached as

---

[1] Palmer is currently in default after failing to answer Plaintiff's Petition and CNA is an agent for Western. Neither was represented at the mediation.
[2] Although mediation statements are confidential, Plaintiff will produce a copy in camera if the Court so orders.

Exhibit B. Additionally, at the outset of mediation, Plaintiff verbally inquired with Mr. Hampton that a representative for each Defendant was present with full settlement authority. Mr. Hampton confirmed that counsel for Defendants confirmed the representatives present had full settlement authority.

Despite the confirmation received by Mr. Hampton, during the course of mediation it became apparent that Western did not appear with any representative. Neither Mr. Nikkila nor Mr. Barr were participating in good faith to resolve the disputes nor did they have the requisite settlement discretion and authority to settle for Western or any other Defendant as required by local court rules and Mr. Hampton.[3] See Mediation Engagement Letter from Joe Hampton attached as Exhibit C, p.1. Despite their circuitous attempts to show that Mr. Barr had full settlement authority (by way of contractual obligations of BEI's subsidiary company), Defendant's own pleadings filed in this case acknowledge that a representative from Western was *not* present at the mediation as Defendant contends Ken Mastny with Western was available by phone. See Defendant's Response to Plaintiff's Settlement Conference Statement – Exhibit, p. 4.

Defendants knew about mediation with ample time to make travel arrangements and prepare a representative with *full settlement authority* to attend in person. *See* Amended Scheduling Order attached as Exhibit E. Western's brazen act to not send anyone with full settlement authority to mediation shows a complete lack of respect for this Court, the mediator, the rules, and Plaintiff. Thus, Plaintiff prays this Court issue sanctions upon Defendant for the full cost of mediation, Plaintiff's cost incurred for time and travel, and Plaintiff's attorney's fees.

---

[3] Plaintiff communicated to Defendants in the mediation statement that damages sought, including attorney's fees, would be in excess of $600,000.

## ARGUMENT AND AUTHORITY

Pursuant to local district court rules, those attending settlement conferences, including mediation, must have full settlement authority. U. S. Dist. Ct. for the E. Dist. of Okla. LCvR 16.2(d). While a party with the requisite settlement authority may be available by phone, such party's failure to attend in person **must** be excused by the Court and "failure to attend…may result in the imposition of sanctions in accordance with LCvR 16.1(b)(2) and Fed. R. Civ. P. 16(f). *Id.* (emphasis added). Parties who act in bad faith or impair settlement proceedings may be subject to appropriate sanctions in accordance with the judgment of the court. LCvR 16.2(l). Such sanctions may include assessment of expenses and fees against a party, attorney individually, insurer or indemnitor, or combination thereof, or such other order as the Court may deem just and appropriate. *Id.*

Here, Western did not request the Court excuse it from the requirement of having a representative present at the mediation with full settlement authority. Neither Mr. Barr nor Mr. Nikkila had the "full settlement authority" required by local court rules as well as the agreement with the mediator. Further, neither person has any affiliation with Western nor did either party have the authorization from Western to settle the case for an amount remotely close to the amount of damages claimed by Plaintiff in its mediation statement provided to Defendant prior to mediation.[4] As set forth in Exhibit D, Ken Mastny is the Western representative with full settlement authority for Western.

In similar circumstances, the Honorable Judge DeGiusti of the Western District of Oklahoma found the defendants to be in civil contempt and the sanctioned defendants to pay plaintiff's associated costs and attorney's fees for failure to appear with a representative who

---

[4] Mr. Barr's limit of authority to settle was represented to be less than $120,000.00

maintained full settlement authority. *See Findings and Order issued for Gooden v. Drywall Supply Midwest, Inc. et al.*, 2010 WL 3769261, CIV-2009-1101-D.   Additionally, in *Schwarzman, Inc. v. ACF Industries, Inc.*, the District Court for the District of New Mexico found that sanctions were appropriate including "all reasonable expenses, including attorney fees incurred by *all* participants" for defendants who failed to appear with representatives who possess full settlement authority. *Schwarzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, 699 (D.N.M. 1996). The District Court for the District of Colorado has also held that sanctions are appropriate for sending a representative without full settlement authority. *See Bakken Waste, LLC v. Great American Insurance Co. of New York*, 2015 WL 4036191 (D. Colo. 2015). It is clear that in the 10th Circuit, parties who do not send representatives to mediation with full settlement authority are subject to monetary sanctions for all costs and expenses incurred by the other parties.

As shown by Exhibit F attached, the mediation cost Plaintiff $892.50. The time and expenses incurred by ABS representatives preparing for and attending the mediation totaled $10,894.21. The time and expenses incurred by ABS' counsel preparing and attending the mediation was $11,140.00 and the time and expenses to prepare this Motion was $8,410.00. Counsel anticipates that an additional fifteen (15) hours will be incurred reviewing Defendant's response, preparing a reply to same, and preparing for and attending the hearing.

## CONCLUSION

For the reasons set forth above, Plaintiff prays that the Court grant this Motion and enter appropriate monetary sanctions against Western, together with such further relief as the Court deems equitable and proper.

Respectfully Submitted,

*/s/ Conner L. Helms*
Conner L. Helms, OBA No. 12115
HELMS LAW FIRM
One NE Second Street, Suite 202
Oklahoma City, OK 73104
Telephone (405) 319-0700
Facsimile (405) 319-0700
conner@helmslegal.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2018 I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the Following ECF registrants:

Michael R. Perri, OBA No. 11954
A.Michelle Campney, OBA No. 12990
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrperri@phillipsmurrah.com
amcampney@phillipsmurrah.com

*/s/ Conner L. Helms*
Conner L. Helms