IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

AUTOMATED BUILDING SYSTEMS )
-TULSA, INC., )
                                                                )
            Plaintiff, )
vs. )    Case No. 18-CV-58-RAW
                                                                )
WESTERN SURETY COMPANY, )
                                                                 )
            Defendant. )

## DEFENDANT WESTERN SURETY COMPANY'S
## RESPONSE TO MOTION FOR SANCTIONS

Defendant, Western Surety Company ("Western"), in response and objection to Plaintiff's Motion for Sanctions Against Defendant for Failure to Attend Mediation with Full Settlement Authority ("Motion for Sanctions"), states as follows:

## FACTS

1.    On June 5, 2018, after discussing the possibility on previous occasions, counsel for Western[1] sent counsel for Plaintiff an email stating that his clients remain interested in mediation. On June 19, 2018, counsel for Western sent another email to Plaintiff's counsel asking for his thoughts on mediation. On June 26, 2018, Plaintiff's counsel responded that his client was willing to mediate. (See email string regarding mediation attached as Exh. "1").

---

[1] Counsel for Western is also counsel for Innovative Support Solutions, Inc. ("ISS"), Cornerstone Contracting, Inc. ("CCI") and CNA Surety in the state court lawsuit filed by Plaintiff. However, CNA Surety is not a separate entity, but rather merely a trade name. *Automated Building Systems – Tulsa, Inc. v. ISS, et al.*, District Court of Muskogee County, Case No. CJ-17-448 (state court matter). The mediation included the subject matter of both lawsuits.

2. Initially, Plaintiff's counsel requested mediation in Tulsa, where his client is located. On July 20, 2018 and on July 27, 2018, counsel for Western explained that he was investigating, vetting, and obtaining information on schedules for mediators in Tulsa. (See email string regarding Tulsa mediators attached as Exh. "2").

3. On August 3, 2018, the Judge in the state court matter entered a Scheduling Order which states "Mediation by Pre-Trial." By this time, the parties to the state court matter, as well as the federal suit, had already agreed to mediate by agreement. (See scheduling order from District Court of Muskogee County attached as Exh. "3").

4. On August 29, 2018, counsel for Western emailed Plaintiff's counsel the names of three (3) potential mediators in Tulsa. On September 5, 2018, counsel for Western followed up with Plaintiff's counsel by email requesting a response on a Tulsa mediator. On September 5, 2018, Plaintiff's counsel rejected the proposed Tulsa area mediators, and raised for the very first time, that his client would rather mediate in Oklahoma City. (See emails regarding mediator and desire to mediate in Oklahoma City attached as Exh. "4").

5. The agreed mediation was scheduled for October 5, 2018 with Joe Hampton in Oklahoma City.

6. On September 17, 2018, Plaintiff and Western filed a Joint Application for Extension of Scheduling Order Deadlines [ECF 19]. In this application, at paragraph 4, the parties informed the Court "mediation of this matter and the underlying dispute regarding the claim is scheduled for October 5, 2018."

2

7. In an Order dated September 19, 2018 [ECF 20], the Court denied in part and granted in part the requested extension. The Court stated "[t]he current motion indicates that matter is set for mediation on October 5, 2018." The court requested that it be notified of the name of mediator, location of mediation, and results of mediation. However, it did not order the parties to mediation. In fact, the Court states "[t]he Settlement Conference currently scheduled for November 6, 2018 at 10:00 a.m. before Magistrate Judge Steven P. Shreder remains as scheduled."

8. Plaintiff has filed this lawsuit to foreclosure Miller Act bond claims for two federal projects.[2] In its bond claims, supported by pay applications and invoices, Plaintiff contends it is owed $136,685.80 for the unpaid balance for work on the Projects

9. On September 28, 2018, ISS, CCI, CNA, and Western submitted its mediation statement to the mediator, Joe Hampton. The mediation statement clearly stated that Michael Barr and Bill Nikkila would be present at the mediation.

10. In response to the mediator's inquiry on October 2, 2018, counsel for "Defendants" (ISS, CCI, Western and CNA in the State Court matter and Western in this matter) stated that the individuals who were to appear at the mediation would have full settlement authority. Indeed, Mr. Barr and Mr. Nikkila had full settlement authority.

11. On October 4, 2018, Mr. Barr and Mr. Nikkila traveled from Chicago, Illinois to Oklahoma City to attend the mediation on October 5, 2018 in good faith.

---

[2] Department of Veterans Affairs ("VA") at Jack C. Montgomery Veterans Affairs Medical Center ("VAMC") in Muskogee, Oklahoma, Project Number: 623-11-107 Replace Air Handling Units ("AHU Project") and Project Number: 623-10-104 Replace Induction Units in Building #1 ("IU Project")(collectively referred to as "Projects").

3

12. The mediation did not result in a settlement. The failure to resolve the dispute had nothing to do with any alleged lack of settlement authority, which Defendants' representatives had. The lack of settlement was the result of Plaintiff's demands which far exceeded its bond claims or any value that Plaintiff added to the Projects.[3]

## ARGUMENT AND AUTHORITY

Plaintiff's Motion should be denied for two reasons. First, it is undisputed that Defendants' representatives at the mediation had full settlement authority to resolve all disputes with Plaintiff. Second, the mediation was not ordered by the Court. The Court issued a Settlement Conference Order [ECF 16] on June 6, 2018 which set a Court-Ordered Settlement Conference in this matter for November 6, 2018.

## DEFENDANTS' REPRESENTATIVES AT THE AGREED MEDIATION HAD FULL SETTLEMENT AUTHORITY

Michael Barr, CFO for Broadway Electric, attended the mediation with full settlement authority. He had the authority to resolve all disputes with Plaintiff for all parties. Western is a surety on the Miller Act bonds which were issued in favor of its principal, ISS. The bond obligations to ISS are also indemnified by Broadway Electric, Inc., pursuant to a written indemnification agreement. The bond obligation requires the principal, and in this case, the indemnitor, "upon demand indemnify and save the Surety harmless from and against any Loss which the Surety may pay or incur."

---

[3] Affidavit of Western's counsel, Michelle Campney, attesting to the accuracy of the alleged facts is attached as Exh. "5".

4

Western, in accordance with the bond obligation, has required that ISS and Broadway Electric **defend** and indemnify it in this lawsuit. It has tendered the defense of the matter. Any sum that Western might be obligated to pay on this matter would have to be reimbursed by ISS or Broadway Electric, Inc.[4]

Further, ISS as the Prime Contractor on the Projects has an agreement with CCI, a subcontractor, wherein CCI has agreed to defend and indemnify ISS. As the claims of Plaintiff arise from a "contractual" relationship it had with Palmer — the sub-sub contractor to CCI – CCI is required to provide ISS with a defense and indemnification in response to ISS' demand to do so. Finally, CCI is the wholly owned subsidiary of Broadway Electric, Inc. Based on contractual obligations, the demands and tender of defense, and demand for indemnification, CCI, through its parent company, has the financial responsibility for any liability for which judgment is rendered in this matter or in the State Court matter. Consequently, Broadway Electric has the full and complete settlement authority to resolve any dispute with Plaintiff.

The Court has ordered that a Settlement Conference take place in this matter on November 6, 2018. The only Defendant named in this matter is Western (although as a surety it has all the defenses of its principal). While a representative for Western (Larry Jortner) will attend the Settlement Conference as the only named Defendant, Michael Barr, with Broadway Electric, Inc, will also attend the Settlement Conference to guarantee the

---

[4] However, after its investigation, Western found no reason to pay on the bond claims for a variety of reasons including jurisdictional deficiencies. Defendant Western will file a motion for partial summary judgment addressing the jurisdictional shortcomings.

5

presence of a representative with full settlement authority. A representative of Western would be required to communicate with Broadway Electric, Inc., as the indemnitor on the bonds and the parent of CCI, before a settlement could be consummated given the tender and demand for defense and indemnification.

Plaintiff's allegations that Defendants appeared at the mediation, which was scheduled by the agreement of the parties (Plaintiff, ISS, CCI, CNA, and Western), without a representative with full settlement authority is flat out wrong. Further, Plaintiff was aware of all of these facts prior to filing this Motion for Sanctions based on Defendant's Response to Plaintiff's Settlement Conference Statement [ECF 22] that was filed October 16, 2018. Plaintiff's Motion for Sanctions and the need for Western to respond to it is a complete waste of the Court's and Western's time and resources.[5] Plaintiff must understand the distinction between a representative with full settlement authority and a representative of each named party regardless of settlement authority.

## THE COURT ORDERED SETTLEMENT CONFERENCE FOR THIS MATTER IS SCHEDULED FOR NOVEMBER 6, 2018

The Court has ordered a Settlement Conference for November 6, 2018. The mediation agreed to by the parties and held on October 5, 2018 was not ordered by this Court or the state court. As of October 18, 2018, the date Plaintiff filed its Motion for Sanctions [ECF 25], the Settlement Conference had not yet occurred. Plaintiff appears to contend that the Court ordered the mediation of October 5, 2018 because the Court referenced the mediation in the Amended Scheduling Order [ECF 20]. In fact, the Court

---

[5] Plaintiff has also filed the same motion for sanctions in the State Court matter.

did not order the mediation. It simply stated that the joint motion for an extension of deadlines indicated that a mediation was scheduled. The Court asked to be notified regarding the mediator, location, and result. The Court wanted to know if the matter had settled. However, the Order also made it very clear that the previously ordered Settlement Conference was still scheduled. Although a representative with full settlement authority attended the mediation at issue, the October 5, 2018 mediation was not ordered by the Court in addition to or in lieu of the Settlement Conference.

The reference to U.S. Dist. Ct. for the E. Dist. of Okla. LCvR 16.2(d) and the case law cited by Plaintiff are therefore inapplicable to these facts and are misleading. Plaintiff implies that LCvR 16.2(d) refers to mediation. It does not. A Settlement Conference under LCvR 16.2 is a specific type of conference. The requirements for such is set forth in the rule and are included in the Settlement Conference Order [ECF 16] issued by this Court in this matter. It is scheduled before a settlement judge and not a mediator. There is no reference in LCvR 16.2 to mediation. Moreover, the cases cited by Plaintiff all refer to Court ordered settlement conferences and not mediation. *Gooden V. Drywall Supply Midwest, Inc., et al.*, 2010 WL 3769261, involved a court ordered settlement conference and a settlement conference order. *Schwarzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, concerned written notice by a Magistrate Judge to appear at a mandatory settlement conference. The notice set forth what was required. Likewise, *Bakken Waste, LLC V. Great American Insurance Co. of New York*, 2015 WL 4036191, included a ruling regarding a court order settlement conference for which the court issued a prior minute order setting forth the requirements. The mediation on October 5, 2018 was scheduled by

7

the parties and not ordered by this Court. The Court ordered Settlement Conference in this matter is scheduled for November 6, 2018.

## **CONCLUSION**

Plaintiff's Motion for Sanctions is without merit in the facts or in the law. First, a representative with full settlement authority to resolve all disputes with the Plaintiff attended the mediation on October 5, 2018. Second, the mediation on October 5, 2018, took place pursuant to the agreement of the parties and was not Court ordered. The Court ordered Settlement Conference will take place on November 6, 2018 and will be attended by a representative with full settlement authority and a representative of Western as set forth in Western's letter to Magistrate Judge Shreder on October 16, 2018 and Western's Settlement Conference Statement provided to Magistrate Judge Shreder on October 23, 2018. Plaintiff's Motion for Sanctions must therefore be denied.

Respectfully submitted,

*s/ A. Michelle Campney*
Michael R. Perri, OBA No. 11954
A. Michelle Campney, OBA No. 12990
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
Email: mrperri@phillipsmurrah.com
amcampney@phillipsmurrah.com
**ATTORNEYS FOR DEFENDANT,
WESTERN SURETY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Conner L. Helms      conner@helmslegal.com

<u>*s/ A. Michelle Campney*</u>

01293034.DOCX